UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROHIT KUMAR,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-8711-JLT-GSA (HC)

(A-Number xxx-xxx-xxx)

ORDER TO RESPOND

ORDER SETTING BRIEFING SCHEDULE

ORDER TO ELECTRONICALLY FILE TRANSCRIPTS AND OTHER NECESSARY DOCUMENTS

TWENTY-ONE (21) DAY DEADLINE

Petitioner Rohit Kumar[1] ("Petitioner") is a federal immigration detainee proceeding *pro se* and seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.

The court has conducted a preliminary review of the petition. Petitioner alleges that U.S. Customs and Immigration Enforcement (ICE) has violated the Immigration and Nationality Act

[1] Petitioner requests that the court use his initials rather than his full name in any opinion issued in this case. ECF No. 1 at 2 n.1. He has not however filed a motion to proceed using a pseudonym, and the authority he cites is based on a suggestion of the Judicial Conference of the United States. Rules 20(a) and 17(a)(1) of the Federal Rules of Civil Procedure require plaintiffs to identify themselves when bringing suit. A pseudonym may be used "in the unusual case" where it is necessary "to protect a person from harassment, injury, ridicule, or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Petitioner has not shown any need for anonymity that "outweigh[s] prejudice to the opposing party and the public's interest in knowing the party's identity." *See id.*

based on his detention since October 1, 2026, and that his detention violates the due process clause of the Fifth Amendment. *See id*. at 19-22.

It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[2] the court HEREBY ORDERS:

1. Within TWENTY-ONE (21) days of the date of service of this order, Respondent SHALL FILE a RESPONSE to the petition, including the statutory basis for Petitioner's detention, and addressing whether this case is distinguishable from recent analogous cases in which this court has granted habeas relief. *See* Rule 4, Rules Governing Section 2254 Cases; *Cluchette v. Rushen*, 770 F.2d 1469, 1473-74 (9th Cir. 1985) (court has discretion to fix time for filing a response).[3] Response may be made by filing one of the following:

   A. An ANSWER addressing the merits of the petition. If Respondent argues that Petitioner has procedurally defaulted a claim, that argument shall be made in the ANSWER. But any argument based on procedural default must also be coupled with a response addressing the merits of the claim asserted.

   B. A MOTION TO DISMISS the petition.

2. Within TWENTY-ONE (21) days after service of this order, Respondent SHALL FILE all transcripts or other documents necessary for the resolution of the issues presented in the Petition. *See* Rule 5(c), Rules Governing Section 2254 Cases. The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless

[2] The Rules Governing Section 2254 Cases may apply to section 2241 habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

[3] *See also Schwartz v. Meinberg*, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 29 U.S.C. § 2243).

the court so orders.

3. If Respondent files an answer to the petition, Petitioner MAY FILE a traverse within FOURTEEN (14) days of the date of service of Respondent's answer. If no traverse is filed, the petition and answer are deemed submitted at the expiration of the fourteen days. *See* Local Rule 230(l).

4. If Respondent files a motion to dismiss, Petitioner SHALL FILE an opposition or statement of non-opposition within FOURTEEN (14) days of the date of service of Respondent's motion. Any reply to an opposition to the motion to dismiss SHALL be filed within SEVEN (7) days after the opposition has been filed in CM/ECF. The motion to dismiss will be deemed submitted when the time to reply has expired.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the court. Local Rule 230(l). The parties should consider these dates to be firm. If any party requires additional time, it should file a motion for amendment of the schedule before a deadline has passed and explain in detail why the party cannot comply with this schedule. Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 apply to this order.

Pending the court's decision, respondents shall not transfer petitioner out of this District. *See F.T.C. v. Dean Foods Co*., 384 U.S. 597, 604 (1996) (noting a court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). This order does not prohibit the temporary transfer of petitioner outside of the District for urgent medical care, though petitioner shall be returned to the District upon the conclusion of such care. Respondents shall notify the Court of any such transfer out of the District.

IT IS SO ORDERED.

Dated: **October 24, 2026**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE